The defendant was presented by the grand jury for illegal voting at the late inspector's election. The presentment set forth these facts, to wit: — That the defendant was born on the 7th of October, A. D., 1819, and voted at the election held on the 6th of October, 1840, upon age.
In his behalf a motion was now made to quash the presentment, on the ground that it appeared from the face of it that the defendant was of full age at the time he voted, and was, therefore, not guilty. It was proved that he stated the facts to the judges of the election, a majority of whom decided that he had a right to vote.
Mr. Clayton, for the defendant, cited 1 Blac. Com.
497. "Full age in male or female is twenty-one years, which age is completed on the day preceding the anniversary of a person's birth." If he is born on the first of January, he is of age to do any legal act on the morning of the last clay of December, though he may not have lived twenty-one years by nearly forty-eight hours: the reason assigned is, that in law there is no fraction of a day; and if the birth were on the first second of one clay, and the act on the last second of the other, then the twenty-one years would be complete; and in law it is the same thing whether a thing is done upon one moment of the day or on another." He stated that this law was read to the judges of the election, and he had never heard it controverted by any lawyer; yet one of the judges of the election had opposed the vote, and now followed up his opposition by presenting the voter to the grand jury. He should like to know by what legal advice the grand jury had made the presentment. *Page 558 
 Mr. Bates, for himself, disavowed having ever given an opinion against the legality of this vote.
The Attorney-general did not doubt that the law was as cited from Blackstone, and would not resist the application to quash the presentment. He supposed that the grand jury had stated the facts on the face of the presentment, in order that the question might be brought before the court. They had not consulted him on the matter.
By the Court.
Many persons suppose that the expression in the constitution relative to the qualifications of voters is, that citizens between the ages of twenty-one and twenty-two years shall be entitled to vote without paying tax; and on this the common, but erroneous notion is, that a man must be in point of fact actually within his twenty-second year, before he can vote. The premises and conclusion are both wrong. "Every free white male citizen of the age of twenty-one years, and under the age of twenty-two years, having resided as aforesaid, shall be entitled to vote without payment of any tax." (Const. art. 4,sec. 1.) To ascertain when a, man is legally "of the age of twenty-one years," we must have reference to the common law, and those legal decisions which from time immemorial have settled this matter, in reference to all the important affairs of life. When can a person make a valid will; when can he execute a deed, for land; when make any contract or do any act which a man may do, and aninfant, that is, a person under the age of twenty-one years, cannot do? On this question the law is well settled; it admits of no doubt. A person is "of the age of twenty-one years" the daybefore the twenty-first anniversary of his birth day. It is not necessary that he shall have entered upon his birth day, or he would be more than twenty-one years old. He is, therefore, of age the day before the anniversary of his birth; and, as the law takes no notice of fractions of a day, he is necessarily of age the whole of the day before his twenty-first birth day; and upon any and every moment of that day may do any act which any man may lawfully do. (1 Chit.Gen. Prac. 766.) "It is to be observed, that a person becomes of age on the first instant of the last day of the twenty-first yearnext before the anniversary of his birth; thus, if a person were born at any hour of the 1st of January, A. D., 1801, (even a few minutes before 12 o'clock of the night of that day,) he would be of full age at the first instant of the 31st of December, A. D. 1821, although nearly forty-eight hours before he had actually attained the *Page 559 
full age of twenty one, according to years, days, hours and minutes; because there is not in law in this respect any fraction of a day; and it is the same whether a thing is done, upon, one moment of the day or another."
On the face then of this presentment, it appears that Mr. Clarke, was entitled to vote on the 6th of October, being on that day of the age of twenty-one years; and the presentment, showing no offence, must be quashed.